JOHN S. WORDEN (CSB No. 142943)
JWorden@schiffhardin.com
BRUCE A. WAGMAN (CSB No. 159987)
BWagman@schiffhardin.com
SCHIFF HARDIN LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Counsel for Proposed Defendant-Intervenor The Humane Society of the United States

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRAMER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR. in his official capacity as Governor of California; KAMALA HARRIS, in her official capacity as Attorney General of California,<br><br>Defendants.. | Case No. CV 12-03130 JFW (JEMx)<br><br>**NOTICE OF MOTION AND MOTION BY THE HUMANE SOCIETY OF THE UNITED STATES FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO INTERVENE**<br><br>Date:  June 18, 2012<br>Time:  1:30 p.m.<br>Judge:  John F. Walker |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD,**

**PLEASE TAKE NOTICE** that on June 18, 2012 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable John F. Walter in Courtroom 16 of the United States District Court for the Central District of California, located at 312 Spring Street, Los Angeles, California, Proposed Defendant-Intervenor The Humane Society of The United States will and hereby does move this Court to allow its intervention in the above entitled action under Rule 24 of the Federal Rules of Civil Procedure.

Proposed Defendant-Intervenor is a nonprofit organization dedicated to preventing animal cruelty. Proposed Defendant-Intervenor is entitled to intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure because (1) its application to intervene is timely, (2) it has an interest relating to the subject matter of this action, (3) it is so situated that the disposition of this action may, as a practical matter, impede its ability to protect its interests, and (4) its interests are not adequately represented by the defendants.

Alternatively, Proposed Defendant-Intervenor is entitled to permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure because (1) this Court has an independent ground for jurisdiction over Proposed Defendant-Intervenor's defenses based on the federal questions raised in the Plaintiff's complaint, (2) this application to intervene is timely, (3) the defenses Proposed Defendant-Intervenor seeks to assert have questions of law or fact in common with the present action, and (4) allowing Proposed Defendant-Intervenor to intervene at this early stage of proceedings will not unduly delay or prejudice this Court's adjudication of the original parties' rights.

This Motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, supporting declarations, all pleadings, records and papers filed in this action, such matters as the Court may judicially notice, and such further evidence or argument as may be presented at or before the

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

NOTICE OF MOTION AND MOTION BY THE
HUMANE SOCIETY OF THE UNITED STATES
FOR LEAVE TO INTERVENE

hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 24, The Humane Society of the United States ("HSUS") respectfully requests leave to intervene in the above-captioned matter, a constitutional challenge to a California animal cruelty law which Proposed Defendant-Intervenor HSUS was instrumental in passing and which, if overturned, will cause HSUS and its members immediate and certain harm to their personal and organizational interests in preventing animal cruelty. Alternatively, HSUS seeks permissive intervention pursuant to Rule 24(b). Plaintiff William Cramer and the State Defendants, through counsel, have stated that they do not oppose this motion. *See* Declaration Of Lead Trial Counsel Re Compliance With General Order Authorizing Electronic Filing, ¶ 2.

### II. BACKGROUND

On November 4, 2008, California voters passed "Proposition 2," codified as the Prevention of Farm Animal Cruelty Act ("Proposition 2" or "the Act"). Cal. Health & Safety Code §§ 25990-25994. The Act does not go into effect until January 1, 2015. Cal. Health & Safety Code § 25990, His. & Stat. Notes. The act makes it a crime to:

> tether or confine any covered animal, on a farm, for all of the majority of the day, in a manner that prevents such animal from: (a) Lying down, standing up, and fully extending his or her limbs; and (b) Turning around freely.

*Id.* § 25990. The Act specifically states that egg-laying hens must be able to "fully spread[] both wings without touching the side of an enclosure or other egg-laying hens," and "turn[] in a complete circle without any impediment, including a tether, and without touching the side of an enclosure." *Id.* § 25991(b), (f), (i). Violations of the Act are punishable as misdemeanors. *Id.* § 25993.

On April 10, 2012, Plaintiff William Kramer ("Kramer") brought this action

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

NOTICE OF MOTION AND MOTION BY THE
HUMANE SOCIETY OF THE UNITED STATES
FOR LEAVE TO INTERVENE

for declaratory and injunctive relief.

HSUS is a nonprofit animal protection organization headquartered in Washington, D.C., with over 11 million members and constituents, including over 1,450,000 members and constituents in California. Declaration of Jennifer Fearing ("Fearing Decl."), ¶ 2. HSUS actively advocates against inhumane practices that harm farm animals, including those raised for meat, eggs, and milk. *Id.* ¶ 3. HSUS was the author and primary proponent of Proposition 2, and invested substantial organizational resources into drafting the law, collecting ballot initiative signatures, and campaigning for its passage. *Id.* ¶¶ 4-5. The ballot initiative process included thousands of HSUS supporters who worked for two years to get the law drafted and passed by the voters. *Id.*

## III. ARGUMENT

### A. Proposed Defendant-Intervenor Is Entitled to Intervene As a Matter of Right.

HSUS easily meets the standard for intervention as of right. In the Ninth Circuit, an application for intervention under Rule 24(a)(2) is governed by a four-part test:

> (1) [T]he motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir. 2006) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)). The requirements of Rule 24 are to be "construed broadly in favor of intervention." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

### 1. The Motion to Intervene is Timely.

HSUS easily satisfies the "timeliness" factor, as this motion to intervene is being filed within a few months after Kramer commenced this action and before the State Defendants have even filed a responsive pleading, and before any substantive decisions have been entered. There is clearly no prejudice to any party (especially given their mutual nonopposition) by granting HSUS's motion to intervene at this early stage in the proceedings. This is made especially certain by the fact that the parties currently in the action do not oppose this motion.

### 2. HSUS Has a Strong Interest in the Viability of Proposition 2.

HSUS also has a "significantly protectable interest relating to the . . . transaction which is the subject of the action." *California ex rel. Lockyer*, 450 F.3d at 440-41, *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173. The interest requirement "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process," *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quotation omitted), and applicants need not demonstrate a "specific legal or equitable interest" in the suit. *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002). Instead a proposed intervenor need only show: "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims," i.e., that the "resolution of the plaintiff's claims actually will affect the applicant." *Id.* (Internal quotation marks omitted.)

HSUS undeniably meets the test, because it was HSUS that created, promoted, and supported the effort to get the law passed and to expose and reduce, *inter alia*, the inhumane treatment of egg-laying hens throughout the state. Fearing Decl., ¶¶ 4-5. As the Ninth Circuit and other federal courts have repeatedly held, proponents and active supporters of legislative measures, like HSUS here, have a sufficient "protectable interest" which merits intervention to defend those measures.

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 5 -

NOTICE OF MOTION AND MOTION BY THE
HUMANE SOCIETY OF THE UNITED STATES
FOR LEAVE TO INTERVENE

A "public interest group [i]s entitled as a matter of right to intervene in an action challenging the legality of a measure which it had supported." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983); *see also Prete v. Bradbury*, 438 F.3d 949, 955 (9th Cir. 2006) (same; "main supporter" of legislation"); *Wash. State Bldg. & Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) ("public interest group that sponsored the initiative, was entitled to intervention as a matter of right under Rule 24(a)"). There is no reason to depart from this Circuit's precedent here.

HSUS was undoubtedly the "main supporter" and chief proponent of Proposition 2. *Prete*, 438 F.3d at 955. HSUS directly assisted in both drafting the language and promoting passage of the Act. *See* Fearing Decl., ¶ 4. HSUS spearheaded the effort to advocate for the Act and expended substantial resources to assist in its passage. *Id.* ¶¶ 4-5.

### 3. HSUS' Interests Will be Impaired If Plaintiff Succeeds in Invalidating Proposition 2.

Intervention is also appropriate if the disposition "of the action may as a practical matter impair or impede" a proposed intervenor's "ability to protect its interest." Fed. R. Civ. P. 24(a). Rule 24(a) does not require that the applicant's interest be actually or legally impaired, only that the applicant be "substantially affected in a practical sense." *Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2011) (quotation omitted). Here, Plaintiff's lawsuit threatens to undo the results of HSUS's extensive advocacy efforts.

If the Court enjoins the Act, HSUS's heavy and long-term commitments to the passage of the Act and the protection of California's farm animals would be nullified. Hence, there is no question that if Plaintiff's case is successful, disposition of the case will impair HSUS's interests. *See Sagebrush Rebellion*, 713 F.2d at 528 (finding there was "no serious dispute" that applicant's interest might be impaired if proponents of measure were not allowed to intervene in challenge to

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

NOTICE OF MOTION AND MOTION BY THE
HUMANE SOCIETY OF THE UNITED STATES
FOR LEAVE TO INTERVENE

that measure); *see also Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995) (finding impairment where action could lead to reversal of administrative decision actively supported by applicants for intervention).

### 4. Proposed Defendant-Intervenor's Interests Are Not Adequately Represented by Any of the Parties.

HSUS' interests diverge in important respects from those of State Defendants, and thus are not protected sufficiently by the current defendants. Fed. R. Civ. P. 24(a) (intervention of right permitted "unless existing parties adequately represent that interest"). Specifically, while the State Defendants' interest is in the administration of their legal obligations on behalf of the general public, including the egg industry, HSUS has a narrower interest in advocating for prevention of cruelty to animals and the interests of the supporters of Proposition 2.

This test is a low bar to intervention: an applicant need only demonstrate that representation of its interest by existing parties "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 528 n.10 (1972). "The burden of making this showing is minimal." *Sagebrush Rebellion*, 713 F.2d at 528. In determining whether a proposed intervenor is adequately represented, the court should

> consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceeding that the other parties would neglect.

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498-99 (9th Cir. 1995), *abrogated on other grounds* by *Wilderness Soc'y*, 630 F.3d 1173.

The Ninth Circuit has granted intervention in many instances where, as here, the proposed intervenors have an interest that is different than that of the government, the result of which is that the government may not make all the proposed intervenor's arguments. *California ex rel. Lockyer*, 450 F.3d at 440-41,

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

NOTICE OF MOTION AND MOTION BY THE
HUMANE SOCIETY OF THE UNITED STATES
FOR LEAVE TO INTERVENE

*abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (granting intervention where government defendant could offer limiting construction in defense of state); *Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2011) (government did not adequately represent interests of building trade association because of government's broader range of considerations); *Forest Conservation Council*, 66 F.3d at 1499, *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (noting that the federal government represents a "broader view" than the interest of a state and county).

HSUS' interests are not coextensive with those of State Defendants in this litigation. State Defendants' interests are in the administration of their legal obligations, as they are charged with enforcing the laws enacted by the California Legislature on behalf of the public at large, which includes the egg industry. They have no specific mandate to advocate for the humane treatment of animals, nor do they represent humane interests above others. State Defendants' interests may also be motivated by unrelated factors, including financial, political, or other pressures. On the other hand, defense of Proposition 2 is central to the mission of HSUS to ensure that egregious animal cruelty is prohibited.

Additionally, due to decades of experience litigating and advocating for the humane treatment of farm animals, HSUS brings to bear extensive factual and legal knowledge that may not be shared in full by State Defendants. That knowledge will provide the Court and the parties with a chance to evaluate the case with the greatest amount of relevant information.

### B. In the Alternative, Proposed Defendant-Intervenor Should be Granted Permissive Intervention.

Although HSUS satisfies the criteria for intervention of right under Rule 24(a), in the alternative, this Court should exercise its discretion and allow the applicant to intervene permissively under Rule 24(b). A court may grant permissive intervention "where the applicant for intervention shows (1)

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

NOTICE OF MOTION AND MOTION BY THE
HUMANE SOCIETY OF THE UNITED STATES
FOR LEAVE TO INTERVENE

independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or question of fact in common." *United States v. City of Los Angeles, California*, 288 F.3d at 403 (citations omitted). This court has an independent ground for jurisdiction based on the federal questions in the complaint, and as discussed above, HSUS's application is timely and will not prejudice the parties or cause any undue delay. Most importantly, HSUS' potential defenses and the main action have more than a "question of law or a question of fact in common." *Id.* Indeed, HSUS's defenses are based solely on legal arguments as to the insufficiency of the claims raised by the Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, Proposed Defendant-Intervenor HSUS' motion to intervene should be granted.

Dated: May 14, 2012

Respectfully submitted,

Bruce A. Wagman (CSB No. 159987)
BWagman@schiffhardin.com
SCHIFF HARDIN LLP

*Attorneys for Proposed Defendant-Intervenor The Humane Society of the United States*

35026-0007
SF\320258280.1

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

NOTICE OF MOTION AND MOTION BY THE
HUMANE SOCIETY OF THE UNITED STATES
FOR LEAVE TO INTERVENE

*William Cramer v. Edmund G. Brown, Jr. et al.*
Case No. CV 03130 JFW (JEMx)

# PROOF OF SERVICE

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is One Market, Spear Street Tower, 32nd Floor, San Francisco, California. On the date stated below, at San Francisco, California, I served the attached document(s) on the parties in this action as follows:

**NOTICE OF MOTION AND MOTION BY THE HUMANE SOCIETY OF THE UNITED STATES FOR LEAVE TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

☒ By transmitting via electronic mail by agreement of all parties the documents listed above to the email address(es) set forth below on this date (pursuant to C.C.P. § 1013)

| Bruce W. Wessel<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Phone: 310-277-1010<br>Fax: 310-203-7199<br>Email: bhembd@irell.com<br><br>*Attorneys for Plaintiff* | Susan Smith<br>Deputy Attorney General<br>Government Section<br>Office of the Attorney General<br>300 South Spring Street<br>Los Angeles, CA 90013<br>Tel.: (213) 897-2105<br>Fax: (213) 897-1071<br>Susan.smith@doj.ca.gov<br><br>Attorneys for Defendants |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 14th day of May 2012, at San Francisco, California.

*/s/ Dionne T. Murphy*
Dionne T. Murphy

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO